# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Brandy Stutzman,<br><br>    Petitioner,<br><br>v.<br><br>William Reubart, *et al.*,<br><br>    Respondents. | Case No.: 2:25-cv-00897-APG-BNW<br><br>**Order Granting Petitioner's Motion for Appointment of Counsel and Denying as Moot Respondents' Motion to Dismiss**<br><br>[ECF Nos. 11, 23, 24] |

Petitioner, Brandy Stutzman, moves for appointment of counsel to represent her in this federal habeas proceeding. ECF No. 11. For reasons that follow, I will grant the motion. I will also deny respondents' pending motion to dismiss (ECF No. 23) as moot because I anticipate that, with counsel, Stutzman will likely file an amended petition.

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases. The complexity of the issues and the severity of the sentence are relevant factors in deciding whether the interests of justice warrant appointment of counsel. *Chaney*, 801 F.2d at 1196. Here, Stutzman stands convicted of first-degree murder and is serving a sentence of life without the possibility of parole. ECF No. 6 at 2. It also appears likely that there will be relatively complex issues to be

addressed in this case that Stutzman may not be able to adequately litigate without counsel. Thus, I find that appointment of counsel is in the interests of justice.

I THEREFORE ORDER that Stutzman's motion for appointment of counsel **(ECF No. 11) is GRANTED**. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent Stutzman. If the FPD is unable to represent her, due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel will represent Stutzman in all federal-court proceedings relating to this matter, unless allowed to withdraw.

I FURTHER ORDER that the Clerk shall **ELECTRONICALLY SERVE** upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus.

I FURTHER ORDER that the FPD shall have until **November 4, 2025**, to file a notice of appearance, or to indicate to the court its inability to represent Stutzman in this case.

I FURTHER ORDER the respondents' motion to dismiss **(ECF No. 23) is DENIED as moot**. Thus, Stutzman's motion for an extension of time to file a response to the motion to dismiss **(ECF No. 24) is also DENIED as moot**. I will establish a schedule for further proceedings after counsel appears for Stutzman.

Dated: October 14, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE