# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BRANDY STUTZMAN,

                                    Petitioner,

v.

W REUBART, et al.,

                                    Respondents.

Case No. 2:25-cv-00897-APG-BNW

**Order granting motion for leave to file second amended petition and denying as moot motion for extension of time to file response to first amended petition**

[ECF Nos. 30; 34]

This matter is before me on the petitioner Brandy Stutzman's motion for leave to file a second amended petition under 28 U.S.C. § 2254 (ECF No. 30) and the respondents' unopposed motion for extension of time to file a response to the first amended petition (ECF No. 34).

Local Rule 15-1(a) requires submission of a proposed amended pleading with a motion for leave to amend unless otherwise permitted by the Court. Under Fed. R. Civ. P. 15(a)(2), a court should "freely give leave [to amend a pleading] when justice so requires." *See, e.g.*, *Foman v. Davis,* 371 U.S. 178, 182 (1962) (stating leave to amend should be "freely given" absent "undue delay," "bad faith dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed," "undue prejudice to the opposing party" or "futility of amendment.").

Stutzman's motion states she filed her first-amended petition to ensure her claims would be preserved as timely filed. ECF No. 30. Stutzman requests leave to file a second-amended petition, so she has a reasonable opportunity to prepare an amended petition that fully reflects counsel's considered judgment. *Id.* Stutzman requests the Court waive the requirement of LR 15-1(a), explaining it is ill-suited for this situation. *Id.* Respondents oppose arguing (1) failure to comply with Local Rule 15-1(a); (2) Stutzman attempts to develop evidence I may not consider; and (3) Stutzman fails to specify she is acting diligently, what claims will be raised, and when

1

she will file a second amended petition. ECF No. 31.  The respondents alternatively do not oppose the motion for leave to file a second amended petition provided I order it specify (1) which claims/arguments/facts are added or fundamentally changed; (2) how amended claim(s) relate back; (3) how added claims are exhausted; and (4) specify any new evidence. *Id.*

I find good cause to grant Stutzman's motion for leave to file a second amended petition and I waive the requirement of LR 15-1(a).  Stutzman has not caused undue delay as her counsel filed a first amended petition shortly after appointment.[1]  Granting Stutzman permission to file a second petition after counsel has an opportunity to obtain prior counsels' files, review those files, and review the entire record, is in the interests of justice, and results in no prejudice to the respondents.  Although I am cognizant that I may be barred from considering new evidence in certain situations in federal habeas matters, it is premature for me to make such an assessment. Furthermore, the respondents cite no authority for their requested conditions.

I THEREFORE ORDER the petitioner Brandy Stutzman's motion for leave to file a second amended petition [ECF No. 30] is **granted**.  Stutzman has up to and including **90 days** from the date of this Order to file a second-amended petition.   In all other respects, the Scheduling Order (ECF No. 28) remains in effect.

I FURTHER ORDER the respondents' motion for extension of time to file a response to the first amended petition is **denied** as moot.

Dated: February 9, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This Order does not affect, in any manner, the operation of the statute of limitations in this case, and the Court does not mean in this Order to convey any opinion whatsoever about when the limitations period expires (or expired).

2